J-S75010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| OLIVER LAFONZO FREEMAN | |
| Appellant | No. 374 EDA 2016 |

Appeal from the PCRA Order October 14, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001317-1992

BEFORE:  BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 08, 2017**

Oliver Freeman appeals from the order dismissing his PCRA petition as untimely.  We affirm.

We set forth the factual history of this case in an April 27, 2014 memorandum affirming the dismissal of Appellant's second, counseled PCRA and adopt it herein:

> [Freeman] was charged on February 3, 1992 with Murder in the First Degree, Murder in the Second Degree, Murder in the Third Degree, Robbery, Aggravated Assault, Recklessly Endangering Another Person, Theft by Unlawful Taking, Possessing an Instrument of Crime, and Possession of Firearms. These charges arose from the February 2, 1992 shooting of George Schroeder in Chester, PA. On that day Mr. Schroeder traveled to 10th and Booth Streets expecting to buy drugs. Instead he was ambushed and robbed. [Freeman] admitted to shooting Mr. Schroeder and led detectives to the location of the .38 caliber handgun that he used when he robbed and shot the victim. On February 3, 1992 Mr. Schroeder died as a result of the gunshot wounds that

[Freeman] inflicted. On July 7, 1992 the Commonwealth filed a Notice of Aggravating Circumstances, indicating its intent to seek the imposition of a sentence of . . . death. However, on November 4, 1992 [Freeman] entered a negotiated guilty plea to second[-]degree Murder. The negotiated plea was accepted by the Trial Court and a mandatory life sentence was imposed. [Freeman] did not file a direct appeal from judgment of sentence.

***Commonwealth v. Freeman***, 2014 WL 10965718 at *1 (Pa.Super. 2014)

(citing PCRA Court Opinion) (all alterations in original).

As our prior memorandum noted, Appellant did not file a direct appeal. Instead, he filed a *pro se* PCRA petition on June 29, 1993. The court ultimately dismissed the petition on May 3, 1994. Appellant appealed, which was dismissed due to the failure to file a brief.

No further action occurred until August 2, 2012, when Appellant filed a second petition for PCRA relief.[1] He alleged that appointed counsel ineffectively failed to file an appellate brief in 1994, and attempted to raise a claim of plea counsel ineffectiveness. The PCRA court appointed counsel, who filed an amended petition, which was dismissed on September 4, 2013.

_____

[1] The PCRA was enacted in 1988, replacing the Post Conviction Hearing Act. ***See Commonwealth v. Descardes***, 136 A.3d 493, 497 (Pa. 2016). Appellant sought PCRA relief in 1994, which was denied. In 1995, the statute was amended, effective January 16, 1996, and provided a one-year grace period from the time constraints of filing a PCRA petition, expiring January 16, 1997, for petitioners whose judgment of sentence became final prior to the effective date of the amendments **and** if that petition was the first under the PCRA. ***Commonwealth v. Alcorn***, 703 A.2d 1054 (Pa. 1997).

We affirmed, finding that the petition was untimely and that Appellant failed to plead and prove any exception to the time-bar. *Id*. Appellant sought discretionary review with our Supreme Court, which was denied on September 18, 2014. *Commonwealth v. Freeman*, 99 A.3d 924 (Pa. 2014).

On August 6, 2015, Appellant filed the instant petition, maintaining that "It wasn't until the last few years (*i.e.* 2011-12) that I finally got well enough to pursue some type of relief from my wrongful conviction . . . . it was at that moment that I filed my 2nd PCRA petition in August 2012[.]" Exhibit B to *pro se* PCRA petition, 8/6/15, at 4 (unnumbered).

On September 5, 2015, the PCRA court issued a notice of intent to dismiss the petition, to which Appellant responded on September 28, 2015. The PCRA court dismissed the petition on October 14, 2015. This appeal followed.[2] Appellant poses one claim for our consideration:

_____

[2] The PCRA court entered an order attaching a copy of the certified mail receipt demonstrating that Appellant received the order dismissing his petition on November 18, 2015. Order, 11/18/15, at 1. The notice of appeal was not docketed until January 20, 2016, well outside the thirty day window dictated by Pa.R.A.P. 903 (notice of appeal shall be filed within thirty days).

However, Appellant's January filing represented that he had sent a notice of appeal on November 12, 2015, which was apparently not received or docketed, and provided a cash slip from the jail to that effect. Neither the PCRA court nor the Commonwealth has challenged the authenticity of the document and we therefore elect to treat the notice of appeal as timely filed
*(Footnote Continued Next Page)*

Whether the PCRA court erred in dismissing Appellant's third PCRA petition (without appointing counsel or holding an evidentiary hearing) on the basis that this petition was untimely on its face, although Appellant satisfied the timeliness requirements under **Cruz** and **Santiago**?

Appellant's brief at 3.

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014). (citation omitted). We review that legal conclusion *de novo*. **Id**. Appellant's sentence became final in 1992 and the instant petition is timely only if one of the statutory exceptions applies.

Appellant relies upon **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004), which established that claims defaulted as a result of mental incompetence may be revived through the exception codified at § 9545(b)(1)(ii). That exception requires the petitioner to establish (1) that the facts upon which the claim was predicated were unknown and (2) that the facts could not have been discovered through the exercise of due

*(Footnote Continued)* ───────────

under the "prisoner mailbox" rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (interpreting Rule 903 as containing an exception for *pro se* prisoners; notice of appeal must be delivered to prison authorities within the filing deadline).

diligence. ***Commonwealth v. Bennet***, 930 A.2d 1264, 1272 (Pa. 2007). Specifically, ***Cruz*** requires Appellant to establish that the mental condition prevented him from learning the factual bases of his claims or otherwise impacted his ability to communicate his PCRA claims. "Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1081 (Pa.Super. 2010). A petition invoking any of these exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

We find that Appellant is not entitled to the time-bar exception. Preliminarily, we note that Appellant does not claim he was incompetent during the pendency of his second PCRA proceedings. In ***Commonwealth v. Ali***, 86 A.3d 173 (Pa. 2014), our Supreme Court considered a ***Cruz*** mental incompetence PCRA exception claim wherein a capital defendant had litigated a timely PCRA petition from June 25, 1999 through December 29, 2010. Ultimately, the appellant secured the right to represent himself to our Supreme Court on appeal of the PCRA. ***Id***. at 176. The Supreme Court denied relief on December 29, 2010. ***Id***. (citing ***Commonwealth v. Ali***, 10 A.3d 282 (Pa. 2010)).

Following denial of that appeal, attorneys from the Defender Association of Philadelphia, Federal Court Division, filed, on February 25, 2011, a serial PCRA petition raising the ***Cruz*** exception. ***Id***. The petition

claimed that Ali was mentally incompetent throughout the time for filing and litigating his timely PCRA. *Id*. at 177. The Supreme Court focused its analysis on whether Ali proved "by a preponderance of the evidence that he was mentally incompetent during the period in which to raise and preserve claims in his first PCRA petition." *Id*. at 178.

In contrast, Appellant herein concedes that he became competent prior to filing his second PCRA. Therefore, Appellant is now seeking to invoke the § 9545(b)(1)(ii) exception on the theory that appointed counsel for his second PCRA petition ineffectively failed to advance the *Cruz* claim during that litigation. "Had counsel been aware of our State's Supreme Court ruling in [*Cruz*, *supra*], he could've used this case to circumvent the PCRA time-bar." Appellant's brief at 11.

However, prior counsel's ineffectiveness cannot satisfy the time-bar exceptions. *Commonwealth v. (Antyane) Robinson*, 139 A.3d 178, 186 (Pa. 2016) ("This Court has never suggested that the right to effective PCRA counsel can be enforced via an untimely filed PCRA petition."). Thus, we need not reach the question of whether Appellant presented sufficient evidence entitling him to a hearing regarding his purported incompetency during the relevant time periods or whether Appellant would have been entitled to such a hearing if prior counsel had advanced that claim in 2012.

Next, Appellant claims that the PCRA court should have treated the instant petition as an extension of his second PCRA petition. Our Supreme

Court has rejected this precise theory. ***Commonwealth v. (Michael) Robinson***, 837 A.2d 1157 (Pa. 2003) (subsequent PCRA petition cannot be characterized as extension of earlier, final petition). Therefore, the PCRA court properly treated the third petition as a new PCRA petition seeking to advance a distinct claim.[3]

Finally, Appellant relies upon ***Commonwealth v. Santiago***, 855 A.2d 682 (Pa. 2004), which notes that the issue of incompetency cannot be waived, as a basis for entertaining the third PCRA petition. However, while the issue of mental competency is not subject to waiver and is always cognizable in a PCRA petition, jurisdiction is a predicate to addressing the substantive aspects of any claim. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Since Appellant has failed to invoke any exception as a matter of law, the PCRA court's ruling is free from legal error.

Order affirmed.

---

[3] Even if Appellant could rely on his PCRA counsel ineffectiveness claim, he has failed to address the requirement that any such filing must be made within sixty days of when the claim could have first been presented. Our Supreme Court denied his petition for allowance of appeal regarding his second PCRA petition on September 18, 2014, and the instant third petition was not filed until August 6, 2015.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/8/2017</u>